IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SHAFER,                    :
                                   :
    Plaintiff                      :
                                   :       CIVIL NO. 3:CV-13-2519
    v.                             :
                                   :       (Judge Caputo)
DR. SULOGA, *et al.*,              :
                                   :
    Defendants                     :
                                   :

M E M O R A N D U M

I.   Introduction

On September 27, 2013, Michael Shafer, a state inmate presently housed at the Mahanoy State Correctional Institution (SCI-Mahanoy), in Mahanoy, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 challenging the adequacy of the health care he received while housed at the Lackawanna County Prison (LCP). On November 13, 2012, Mr. Shafer broke and severed the tip off one of his fingers. (Doc. 1, Compl.) He alleges it took over 8 hours to transport him to the local hospital. (*Id*.) He also alleges the Warden of LCP and Dr. Suloga prohibited him from seeing a hand surgeon and denied him any medication for his asthma, chronic obstructive pulmonary disease, peripheral artery disease, atrial fibrillation and a herniated lower lumbar. He seeks monetary damages.

Presently before the Court is Mr. Shafer's motion for counsel based on his need to amend the complaint to correct the spelling of defendant Dr. Suloga's to Dr. Zaloga.  (Doc. 15, Mot. for Counsel.)  He also argues that he cannot get any help from the inmate law library at his present facility, SCI-Frackville.

For the reasons that follow, Mr. Shafer's motion will be denied without prejudice.

II.     Discussion

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  A district court as "broad discretion" to determine whether counsel should be appointed. *Montgomery*, 294 F. 3d at 498.  The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499.  Next, if plaintiff's claims meet this threshold review, other non-exclusive factors

-2-

to be examined are:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the extent to which a case is likely to turn on credibility determinations;
> 5. whether the case will require testimony from expert witnesses;
> 6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)).  After examining the above factors, the Court will deny Mr. Shafer's present motions for counsel without prejudice.

This case is in its procedural infancy.  Dr. Zaloga has recently filed a motion to dismiss and supporting brief.  (Docs. 14 and 16.)  Mr. Shafer has yet to respond to the motion and does not suggest that he is unable to do so on his own.  Until the Court reviews the basis of Dr. Zaloga's motion, and Mr. Shafer's response, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Additionally, Mr. Shafer does not set forth in his motion for counsel any reason justifying his need for counsel other than for the purpose of filing an amended complaint to correct the spelling of Dr. Zaloga's name.  Likewise, he has not alleged sufficient facts, nor do his submissions demonstrate, a mental incompetence or other inability that would prevent him from proceeding *pro se* at this juncture in the litigation.  To date, Mr. Shafer's Complaint and motion for counsel, are clearly worded and present a logical concise arguments.  To the extent that Mr. Shafer's

-3-

request for counsel is based on the fact of his incarceration or his indigent status, these facts also do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

  Mr. Shafer has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own at this point. Consequently, at this time Mr. Shafer's request for counsel will be denied. However, Plaintiff may file another motion for appointment of counsel if circumstances change.

  An appropriate Order follows.

                 /s/ A. Richard Caputo  
                **A. RICHARD CAPUTO**  
                **United States District Judge**

**Date: February  7  , 2014**