**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL SHAFER, : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-13-2519 |
| v. : | |
| : | (Judge Caputo) |
| DR. SULOGA, *et al.*, : | |
| Defendants : | |

**M E M O R A N D U M**

**I.   Introduction**

Plaintiff Michael Shafer, an inmate formerly housed at the Lackawanna County Prison (LCP),[1] in Scranton, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Zaloga[2] and the Warden of LCP alleging he was denied proper medical care while housed at LCP.  (Doc. 1, Compl.)  Mr. Shafer seeks monetary relief.  (*Id*.)

On January 20, 2014, Dr. Zaloga filed a motion to dismiss the Complaint based on Mr. Shafer's failure to exhaust his available administrative remedies and failure to file a certificate of merit concerning medical negligence claims.  *See* Doc. 14, Mot. to Dismiss.  On February 3, 2014, Dr. Zaloga filed a timely brief in support

---

[1] Mr. Shafer is currently housed at the Mahanoy State Correctional Institution (SCI-Mahanoy), in Frackville, Pennsylvania.

[2] Although identified as Dr. Suloga, the proper spelling of this defendant's name is Zaloga.

of his motion to dismiss.  (Doc. 16, Mot. to Dismiss Br.)  To date, Mr. Shafer has failed to file an opposition brief or request an enlargement of time to do so.[3]

For the reasons that follow, Dr. Zaloga's motion to dismiss will be granted and the case will be dismissed.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his or her claims.  See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail.  See id.  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  See Gould Elecs. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  Additionally, *pro se* litigants are to be granted leave to file a curative amended

---

[3] The court sent Mr. Shafer a copy of our Standing Practice Order which outlines the rights and responsibilities of litigants.  Via that order, Mr. Shafer was advised of his opportunity to oppose Dr. Zaloga's motion to dismiss.  *See* Doc. 2, Standing Practice Order, ECF p. 6.  Additionally, Mr. Shafer warned that if he failed to oppose such a motion, the court would deem the motion unopposed.  *Id*.

complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  See *DelRio-Mocci v. Connonlly Prop., Inc.*, 672 F.3d 241, 251 (3d Cir. 2012).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.    **Allegations of the Complaint**

At approximately 11:55 a.m., on November 13, 2012, while housed at the LCP, Mr. Shafer cut off the tip of one of his fingers.  (Doc. 1, Compl.)  He was not taken to the outside hospital until 9 p.m. that night.  At the hospital, Mr. Shafer learned he also had broken the finger.  The hospital physician allegedly referred him to a hand surgeon which the "county doctor would not allow [him] to see." (*Id*., ECF p. 3.)  Additionally, Mr. Shafer alleges that he was not provided with any "medication for 7 months" while housed at the LCP even though he suffers from chronic obstructive pulmonary disease, peripheral artery disease, cardiovascular disease, atrial fibrillation, and a herniated lumbar disc.

Mr. Shafer admits that while there is a grievance procedure available at his present institution (then SCI-Camp Hill),[4] he did not fully exhaust his available administrative remedies concerning the claims presented in his Complaint because he is at a "diffent (sic) prison". (*Id*., ECF p. 2.)

---

[4]  *See Id*., ECF p. 6 and p. 8.

**IV.     Discussion**

The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust their administrative remedies before bringing suit.  See 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002).  The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.C. 2378, 2383, 165 L.Ed.2d 368 (2006).  This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*.  The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement.  *Id*.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Further, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).  The Supreme Court has clearly stated that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212, 127 S.C. 910, 918-19, 166 L.Ed.2d 798 (2007).  Likewise, the Third Circuit Court of Appeals has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d

Cir. 2006)(not precedential).  Finally, a prisoner is not required to allege that administrative remedies have been exhausted.  *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).  Failure to exhaust available administrative remedies is an affirmative defense.  (*Id*.)  As such, it must be plead and proven by the Defendants.  *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

      Dr. Zaloga argues that Mr. Shafer failed to exhaust his administrative remedies, and, therefore, his Complaint should be dismissed.   In support of his argument, Dr. Zaloga points to Mr. Shafer's admission in the Complaint that he did not exhaust his administrative remedies with respect to any of his claims.  *See* Doc. 1, Compl., ECF p. 2.  Given the opportunity to oppose Dr. Zaloga's motion, or possibly explain why he failed to exhaust his administrative remedies, or clarify what exhaustion efforts (if any) he attempted while housed at the LCP regarding his claims, Mr. Shafer has failed to do so.[5]  Thus, the record before the Court as to Mr. Shafer's failure to exhaust his administrative remedies as to his medical care at LCP in November 2012 is uncontested.  Accordingly, the Court will grant Dr. Zaloga's motion to dismiss based on Mr. Shafer's failure to properly exhaust his administrative remedies before filing this action.

---

[5]  The Court notes that Dr. Zaloga properly served Mr. Shafer with a copy of his motion to dismiss and supporting brief at his present location, SCI-Mahanoy.  *See* Docs. 14-1 and 16-1.

**V.     Conclusion**

For the foregoing reasons, Dr. Zaloga's motion to dismiss is granted. Additionally, because Mr. Shafer does not contest his failure to exhaust his administrative remedies as to the claims raised in the Complaint, any claim against the Warden of LCP would likewise be subject to dismissal.  Finally, because no amendment could cure the procedural defect in this case, Plaintiff will not be granted leave to file an amended complaint.  See *Oriakhi v. United States*, 165 F. App'x at 993 (prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court).

An appropriate Order follows.


    /s/A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Date: May   15  , 2014